### William Witte et al., Appellees, v. Hugo Hinze et al., on Appeal of John C. Schuett, Appellant.

### Gen. No. 17,052.

1. PARTITION—*when purchaser takes subject to partition proceedings.* An intervening petitioner in partition proceedings alleged a purchase of complainant's interest and prayed that he be made a party thereto and that a prior decree therein be vacated. *Held,* that if such deed was an absolute conveyance such petitioner took *pendente lite* with full notice of the proceedings and subject thereto and the decree entered therein.

2. APPEALS AND ERRORS—*when order not final.* An order in partition proceedings is not final and appealable whether the appellant took by deed or by mortgage where, after the filing of an intervening petition by the appellant alleging an absolute purchase of the complainant's interest and an answer alleging that only a mortgage was given, the court ordered distribution of the proceeds of a sale of the premises involved but ordered that the complainant's share be held until further order.

Appeal from the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Dismissed. Opinion filed June 14, 1912.

GEORGE W. HESS, for appellant.

HERMAN WELK and J. S. REYNOLDS, for appellees;

JESSE WILCOX, Guardian *ad litem.*

MR. JUSTICE F. A. SMITH delivered the opinion of the court.

William Witte and others, as tenants in common of certain real estate and owning three-fourths of the same, filed a bill for partition in the Circuit Court of Cook county making Hugo Hinze, Herman Hinze and Otto Hinze, Jr., minors and owners of the other one-fourth interest in the property, defendants. The bill for partition correctly set up the title and interest of the parties. The cause was referred to a master to take proof and report, and upon the coming in of the master's report a decree of partition was entered in the cause on April 27, 1910. The decree confirms the master's report and contains findings in conformity therewith, including the finding that the sum of $600 is a usual and customary charge made by members of the Cook county bar for services in proceedings of that character, and that there be allowed to Herman Welk, complainants' solicitor, for attorney's fees in the case the sum of $600, the same to be taxed as part of the costs of the suit, and that the sum of $25 be allowed to Jesse Wilcox, the guardian *ad litem* of the three minor defendants, which sum was also to be taxed as part of the costs. The decree orders that a partition be made among the several parties, subject to a lease of Fritz Karsten, and to claims allowed against the estate of Carl Witte and cost of administration, and provides that the costs of the suit be paid *pro rata* by the several parties to the cause according to their respective shares, portions and interests in the property.

On April 29, 1910, John C. Schuett filed a petition in the cause setting up that the petitioner had purchased from the complainants Anna Dricker and William Dricker their undivided one-fourth interest in the premises described in the bill, and that the Drickers had conveyed their interest in the premises to the petitioner by warranty deed which was duly recorded December 29, 1909, and praying that the petitioner

be made a party to the proceedings, either as complainant or defendant, and that the decree theretofore entered be vacated and set aside.

On April 30, 1910, the commissioners appointed by the decree of partition to make partition of the premises in question filed their report. Their report included items of expense or commissioners' fees and other expenses and sets forth that a division and partition of the premises could not be made without manifest prejudice to the parties. The court decreed that the proceedings of the commissioners and their report be confirmed and that the property be sold to the highest and best bidder for cash, by a master in chancery of the court, and directed the master to hold the money realized from the sale for distribution under the direction of the court.

On June 1, 1910, Anna and William Dricker filed their answer to the petition of Schuett denying that they had conveyed their interest in the premises to him, and setting up that he was but a mortgagee of their interest *pendente lite,* and alleging that their deed to Schuett was given to secure the sum of $750 with interest at five per cent. which they had borrowed from Schuett and asking that the deed be held to be simply a deed of trust or mortgage given to secure that amount with interest. To this answer Schuett filed no replication, but on June 6, 1910, served notice to have the petition set down for hearing. No hearing had been had on that petition at the time the appeal in this case was taken.

On July 6, 1910, the master reported, and the sale made by him was affirmed, and an order of distribution entered pursuant thereto for the distribution of the proceeds after payment of costs, charges and disbursements, the order or decree providing as follows: "It is further ordered that the said master retain the distributive share of Anna Dricker out of said proceeds of sale, to-wit, the sum $883.51, as found herein and hold the same until the further order of this court."

Upon the entry of the decree of distribution John C. Schuett, the intervening petitioner, prayed an appeal from that part of the order or decree entered directing the master in chancery to make distribution of the proceeds of sale, and now prosecutes the appeal in this court.

Appellees have interposed a motion to dismiss the appeal for the reason that the decree or order appealed from is not a final order or decree as to appellant, and is therefore not appealable. This motion was reserved to the hearing.

The record shows that the petition of appellant, John C. Schuett, has never been disposed of in the Circuit Court. If the deed to Schuett of the interest of complainants Anna Dricker and William Dricker was a deed conveying absolutely the title to their interest in the property in question, it was done *pendente lite* with full notice of the proceedings in this cause and the appellant took his interest subject to the proceedings and the decree of partition entered therein. There is no contention here that there is any error in that decree. It is not before the court. The only decree sought to be reviewed on this appeal is the decree of distribution. The court reserved under its control, by the decree of distribution, the distributive shares of the Drickers for the purpose of determining to whom that share shall be paid, whether to appellant or to the Drickers.

If, on the other hand, the deed by the Drickers to Schuett was in the nature of a mortgage, as set up in the answer of the Drickers, the court reserved the question of the distribution of the fund, and it appears that the fund is more than sufficient to pay the amount of the loan with interest.

On either theory of the effect of the deed, whether it be an absolute deed or simply a mortgage, the distribution of the distributive share was reserved by the

court for further consideration. It follows that the part of the order of distribution appealed from is not a final order.

The appeal must be dismissed at the cost of appellant.

*Appeal dismissed.*